Decreet *v.* Burt.

---

### JOSEPH D. DECREET *vs.* AUGUSTINE BURT.

The holder of a promissory note, being a member of a firm who are the first indorsers thereon, cannot maintain an action on the note, against a subsequent indorser.

THIS was an action by the plaintiff, as indorsee, on a promissory note, signed by Francis G. Post. The name of the defendant was indorsed on the note, under the name of the firm of Decreet, Boyington & Company, of which the plaintiff was a member. At the trial in the court of common pleas before *Byington*, J., the plaintiff contended, that the defendant's name was first indorsed on the note, and that Decreet, Boyington & Company, subsequently indorsed the name of the firm over the name of the defendant. The defendant contended that the name of Decreet, Boyington & Company, was indorsed thereon before the defendant wrote his name on the note, and that the indorsements were made in the order in which they stood on the back of the note. The plaintiff also contended, that he was entitled to recover of the defendant as an indorser, whether the name of the firm of Decreet, Boyington & Company, was or was not indorsed before the indorsement by the defendant; but the judge ruled, that as the plaintiff was one of the firm of Decreet, Boyington & Com-

pany, he could not maintain this action, unless the defendant was the first indorser. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. G. Bates*, for the plaintiff.

*H. Morris*, for the defendant.

DEWEY, J. The defendant is not liable, on his indorsement of this note, to an action by any prior indorser of the same. If Decreet, Boyington & Company were such prior indorsers, then clearly they could not maintain an action against the defendant, a subsequent indorser. The only further inquiry is, whether one of the firm might maintain such action. And as to this, we have no doubt. Decreet, the plaintiff, being a member of that firm, stood individually, as well as jointly, in the relation of a prior indorser, and so if the plaintiff could now recover of the defendant upon his indorsement, the defendant might recur to Decreet, Boyington & Company, as prior in liability. Such being the case, it is a good answer to a suit by one of the firm, that, as a member of such copartnership, he stood in the relation of a prior indorser. *Exceptions overruled.*